UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JESUS SANCHEZ,

                          PLAINTIFF,          **COMPLAINT**

          -AGAINST-                       **ECF CASE**

NEW YORK CITY, POLICE JOHN DOE 1, and POLICE
OFFICER JOHN DOE 2, individually, and in their
capacities as members of the New York City Police
Department,

                        DEFENDANTS.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff, Mr. Jesus Sanchez ("Mr. Sanchez"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about December 28, 2013, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Sanchez to *inter alia* false arrest, malicious prosecution and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Sanchez is a United States citizen and at all times here relevant resided at 652 West 163rd Street, Apartment 27, New York, NY 10032.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer John Doe 1 ("PO John Doe 1") and Police Officer John Doe 2 ("PO John Doe 2") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Sanchez is a 22 year-old United States citizen.

11. On or about December 28, 2013, Mr. Sanchez was getting a ride home with two friends.

12. At approximately 3:30 pm, PO John Doe 1 and PO John Doe 2 stopped the friend's car at the intersection between West 155th Street and Macombs Place in Manhattan.

13. PO John Doe 1 and PO John Doe 2 approached the car and asked the driver to roll down all of the car windows.

14. Mr. Sanchez was sitting in the back seat of the car and took out his phone to start recording proceedings.

15. PO John Doe 1 stated, in sum and substance, "I am going to teach you a quick lesson."

16. PO John Doe 2 then reached into the car and grabbed Mr. Sanchez's phone.

17. Mr. Sanchez was then taken out of the car and was searched against his will.

18. Mr. Sanchez's wallet was taken by one of the police officers.

19. PO John Doe 1 and PO John Doe 2 then searched the car and find a quantity of marihuana in the driver's seat.

20. PO John Doe 1 and PO John Doe 2 stated, in sum and substance, "You're all going to jail for this."

21. Mr. Sanchez's friend told PO John Doe 1 and PO John Doe 2 that the marihuana was his.

22. Mr. Sanchez asked PO John Doe 1 and PO John Doe 2 why he was being arrested.

23. PO John Doe 1 and PO John Doe 2 ignored Mr. Sanchez.

24. Mr. Sanchez asked PO John Doe 1 and PO John Doe 2 if he was free to go.

25. PO John Doe 1 and PO John Doe 2 told Mr. Sanchez that he was not free to go.

26. Several more police officers then arrived on the scene.

27. Mr. Sanchez was searched again by a police officer.

28. Mr. Sanchez was then cuffed behind his back.

29. The handcuffs were extremely tight and caused Mr. Sanchez a great deal of pain.

30. Mr. Sanchez asked a police officer to loosen the handcuffs, but his request was ignored.

31. A police officer then asked Mr. Sanchez for identification.

32. Mr. Sanchez responded that he did not have identification because one of the police officers had taken his wallet.

33. PO John Doe 2 then took the coat off of Mr. Sanchez's shoulders and left him standing outside in the freezing cold for approximately ten minutes.

34. PO John Doe 2 then threw Mr. Sanchez in the back of a police car, cutting Mr. Sanchez's wrist.

35. Mr. Sanchez was terrified and began to cry.

36. Mr. Sanchez shouted out that a police officer had stolen his wallet and cell phone.

37. After approximately ten minutes in the back of the police car, PO John Doe 2 released Mr. Sanchez.

38. PO John Doe 2 removed the handcuffs and gave Mr. Sanchez his wallet and phone back.

39. PO John Doe 2 told Mr. Sanchez he was free to go.

40. Mr. Sanchez was extremely upset and returned home.

41. When Mr. Sanchez later checked inside his wallet he found he had been issued with a summons for disorderly conduct.

42. None of the police officers on the scene of the incident had mentioned the summons.

43. On or about March 18, 2014, Mr. Sanchez attended court and all of charges were dismissed.

44. Mr. Sanchez continues to feel traumatized by the events of December 28, 2013, and is wary and fearful when he sees police officers.

45. Mr. Sanchez takes efforts to avoid police officers when in public.

46. Mr. Sanchez suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

49. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

50. Defendants confined plaintiff.

51. Plaintiff was aware of, and did not consent to, his confinement.

52. The confinement was not privileged.

53. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

54. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

55. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

56. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

57. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

58. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

59. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

60. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

61. The malicious prosecution was initiated by defendants without legal justification and without probable cause, defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

62. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

63. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

64. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

65. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

66. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

67. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

68. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 15, 2014          By:            __/S/_____

                                      Duncan Peterson (DP 7367)
                                      PetersonDelleCave LLP
                                      Attorney for Plaintiff
                                      233 Broadway, Suite 1800
                                      New York, NY 10279
                                      (212) 240-9075

o